# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

Devora W. Allon, P.C.
To Call Writer Directly:
+1 212 446 5967
devora.allon@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States
+1 212 446 4800
www.kirkland.com

Facsimile:
+1 212 446 4900

September 21, 2022

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re: *Lupin Ltd. v. Salix Pharmaceuticals, Inc. et al.*, Case No. 1:22-cv-07656 (JPC)

Dear Judge Cronan:

We represent Plaintiff Lupin Ltd. ("Lupin" or "Plaintiff") in the above-captioned matter. We write pursuant to the Court's Order dated September 14, 2022 (Civ. Dkt. No. 6), which directed Plaintiff to file a letter motion seeking leave to file its Complaint in redacted form and explaining the reasons for its need to do so.

On September 7, 2022, Lupin filed a Motion for Leave to File Portions of the Complaint and the Accompanying Exhibits Under Seal as well as a Declaration and Memorandum of Law in Support thereof. These documents were filed in the miscellaneous action commenced by Lupin, case no. 1:22-mc-00253-LJL (Misc. Dkt. Nos. 1–1-18). Later that day, Lupin's Motion was granted by Judge Lewis Liman (Misc. Dkt. No. 3).

Upon further review of the relevant materials, and after conferring with Defendants Salix Pharmaceuticals, Inc. ("Salix") and Bausch Health Companies, Inc. ("Bausch," and together with Salix and Lupin, the "Parties") in accordance with Rule 4.B of the Court's Individual Rules and Practices in Civil Cases, while Lupin previously requested for its Complaint to be filed in redacted form and for all exhibits attached thereto to be filed under seal, Lupin now seeks to (1) redact its Complaint in more limited form, (2) redact **Exhibits A, B, C, D, E, H, I, and L** to the Complaint, and (3) make **Exhibits F, G, J, K, M, and N** to the Complaint public. The Parties are in agreement regarding Lupin's proposed redactions and the public filing of the above referenced exhibits.

## 1. Background of the Parties' Dispute

Plaintiff and Defendant Salix, entered into the Rifaximin Manufacturing and Supply Agreement (the "Agreement," **Ex. A** to the Complaint), as amended in March of 2011 (**Ex. B** to the Complaint), in February of 2013 (**Ex. C** to the Complaint), and in May of 2013 (**Ex. D** to the Complaint), whereby Lupin agreed to manufacture and supply Rifaximin compound to Salix.[1]

---

[1]   Reference to "Salix" in this Complaint includes references to representatives of Valeant and Bausch who acted on Salix's behalf.

Austin  Bay Area  Beijing  Boston  Brussels  Chicago  Dallas  Hong Kong  Houston  London  Los Angeles  Munich  Paris  Salt Lake City  Shanghai  Washington, D.C.

# KIRKLAND & ELLIS LLP

The Agreement and its amendments contain certain confidential, competitively sensitive commercial and financial information of the Parties.  Because Lupin and Salix were aware of the highly sensitive nature of the business dealings governed by the Agreement, and the impact any disclosure of the same could have on each party's respective business activities, the Agreement also contains a confidentiality clause that strictly limits the disclosure of confidential information. (*See* Declaration of Devora W. Allon, P.C. in Support of Plaintiff Lupin Ltd.'s Letter Motion for Leave to File Portions of the Complaint and Portions of Certain Accompanying Exhibits Under Seal ("2d Allon Decl.") ¶ 5.)  The Agreement specifically includes information provided "pursuant to th[e] Agreement or in connection with the transactions contemplated hereby or any discussions or negotiations with respect thereto."  (**Ex. A**, Agreement § 1.14 ("Confidential Information").) Since 2016, the Parties have exchanged written correspondence that contains references to confidential business practices, such as costs, requirements for the Compound, and analyses and tests performed on the same.  (**Exs. E, H, I, and L** to the Complaint).  These references are considered confidential under the Agreement.  (*See* 2d Allon Decl. ¶¶ 5-6, 8.)

## 2.   Details Relating to the Parties' Confidential Business Practices Should Remain under Seal

In order to detail Plaintiff's injuries and other actions that led to the filing of the instant action, Plaintiff has included in its Complaint details concerning the Parties' confidential business dealings, as well as the Parties' efforts to negotiate a resolution of Plaintiff's claims.  As such, the Complaint contains a number of references to the Agreement and its confidential terms, as well as confidential business information relating to the Compound and related manufacturing processes. Public disclosure of this confidential information would irreparably harm the Parties in their future efforts to negotiate similar agreements or to engage in discussions and potential resolutions of possible breaches of similar contractual obligations.  (*See* **Ex. A**, Agreement § 5.5.)  Accordingly, the interest in maintaining the confidentiality of these materials outweighs the public interest in disclosure.  Because courts routinely grant motions to seal such sensitive business information in order to prevent injury to a party, and because Lupin seeks only to seal information as is necessary to protect the Parties, Lupin respectfully requests that the Court grant Lupin leave to keep limited portions of its Complaint and of **Exs. A, B, C, D, E, H, I, and L** to the Complaint under seal.

While Federal Courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute and courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597-99 (1978)). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *In re Utica Mut. Ins. Co.,* 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-20 (2d Cir. 2006)); *see Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth. Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming that a party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access" (citation omitted)); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 650 (S.D.N.Y. 2011) (protecting sensitive information regarding parties' business strategy "outweigh[s] the presumption of public access"); *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (information that could cause competitive injury is "a sufficient basis to grant defendants' motion to seal" even if the information is not a "trade secret[] in the traditional sense").

Court documents, including a complaint, may be sealed to avert potential damage from the release of sensitive business information and to protect from the disclosure of information that

KIRKLAND & ELLIS LLP

may harm a business's ability to compete in the future. *See Markowitz v. KBI Servs.*, No. 21-mc-00397, 2021 WL 4555833, at \*2 (S.D.N.Y. Oct. 5, 2021) (collecting cases where sealing was appropriate because, among other reasons, "documents contained company's proprietary marketing strategies, product development, costs and budgeting information"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (allowing redacted filings where "Plaintiffs' proposed redactions are generally limited to specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit" (citation omitted)).

The Agreement in this case, along with the correspondence between the Parties concerning their obligations under the Agreement, contain non-public, confidential, competitively sensitive commercial and financial information with respect to the Agreement. (2d Allon Decl. ¶¶ 5-6.) Such information is described in detail in the Complaint in this action. Lupin respectfully requests that the Court grant Lupin leave to keep under seal limited portions of its Complaint, the Agreement and its amendments, and the Parties' related correspondence discussing the same. Lupin makes its requests because the public disclosure of such confidential information would cause injury to the Parties, including by harming the Parties in their future efforts to negotiate similar agreements with counterparties or to engage in discussions and potential resolutions of possible breaches of similar contractual obligations. *See Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 1:20-CV-05502, 2021 WL 243943, at \*2 (S.D.N.Y. Jan. 25, 2021) (granting a motion to file under seal where "disclosure of the economic terms of the parties' various licensing and/or commercial agreements could disadvantage them in future negotiations with third parties with respect to similar agreements"); *Gracyzk v. Verizon Commc'ns, Inc.*, No. 18 Civ. 6465, 2020 WL 1435031, at \*8-9 (S.D.N.Y. Mar. 24, 2020) (granting party's request to seal portions of contracts that contained "sensitive financial information" that would cause them to suffer "competitive disadvantage in future negotiations.").

The sensitive nature of the Parties' arrangement is why Lupin and Salix contracted for a confidentiality clause in the Agreement that governs "any and all information or material that… has been or is provided or communicated to the Receiving Party … pursuant to this Agreement or in connection with the transactions contemplated hereby *or any discussions or negotiations with respect thereto*…") (emphasis added). *See* **Ex. A**, Agreement §§ 1.14, 5.1; *see also id.* § 5.5 (describing "severe and irreparable damage" that would result from disclosure of confidential information).

Moreover, the Agreement is a purely private contract between private parties—the general public's interest in such agreements, if any, is *de minimis* and clearly outweighed by the Parties' right to protect their confidential and sensitive business information. *See Regeneron Pharms.*, 2021 WL 243943 (granting party's unopposed request to seal the complaint containing the non-public terms of patent licensing agreements, commercial development agreements, and subsequent amendments where the privacy interest in these materials "outweigh[ed] the presumption of access").

For the foregoing reasons, Lupin respectfully requests that it be granted leave to file portions of its Complaint and portions of **Exs. A, B, C, D, E, H, I, and L** to the Complaint under seal.

KIRKLAND & ELLIS LLP

Respectfully,

/s/ *Devora W. Allon*
Devora W. Allon, P.C.

Plaintiff's unopposed request to file a redacted complaint is GRANTED.  Plaintiff shall file its Complaint and exhibits with the proposed redactions in Dkt. 18-1 through 18-9 by September 23, 2022.

SO ORDERED.

September 22, 2022
New York, New York

JOHN P. CRONAN
United States District Judge

4