September 6, 2024

**BY ECF**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/10/2024
```

**NORTON ROSE FULBRIGHT**

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York 10019-6022
United States of America

The Hon. Robert W. Lehrburger
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Direct line +1 212 318 3108
robin.adelstein@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400

Re: *Lupin Ltd. v. Salix Pharma., Inc., et al.*, No. 1:22-cv-07656-JHR-RWL

Dear Judge Lehrburger:

We represent Defendant and Counterclaim-Plaintiff Salix Pharmaceuticals, Inc. and Defendant Bausch Health US, LLC ("Defendants") in the above-referenced action and submit this letter motion pursuant to Rule III(G) and the Appendix of Your Honor's Individual Practices in Civil Cases. Defendants request an order sealing Defendants' trade secret information that was filed with Plaintiff's August 26, 2024 Letter Motion requesting a court conference (Dkt. 133) ("Letter Motion"). Defendants seek to (1) maintain Exhibits A, F, H, and I to the Letter Motion (Dkt. 133-1, 133-6, 133-8, and 133-9, respectively) under seal in their entirety and (2) maintain portions of the Letter Motion and Exhibits B, C, D, G, and J (Dkt. 133, 133-2, 133-3, 133-4, 133-7, and 133-10) under seal in redacted form.[1] Consistent with Your Honor's Individual Practices, Defendants are (1) filing the Letter Motion and Exhibits B, C, D, G, and J in redacted form; and (2) filing Exhibits B, C, D, G, and J unredacted under seal with the proposed redactions highlighted in yellow.

Plaintiff Lupin Ltd. ("Lupin") does not object to this request for sealing and filing with redactions.

**The Proposed Redactions Protect Confidential, Trade Secret Information.**

Defendants seek to maintain confidential trade secret information, which is "broadly defined" as "any formula, pattern, device or compilation of information which is used in one's business, and which gives the owner an opportunity to obtain an advantage over competitors who do not know or use it." *Town & Country Linen Corp. v. Ingenious Designs LLC*, No. 18-CV-5075 (LJL), 2022 WL 2757643, at *14 (S.D.N.Y. July 14, 2022).

Defendants seek to protect the following types of information: (1) manufacturing specifications for rifaximin active pharmaceutical ingredient ("API"), (2) information concerning a product or products in development and the related research and development activities, (3) Defendants' suppliers of rifaximin API, and (4) information concerning Defendants' supply chain. Such confidential and competitively-sensitive information constitutes "legitimate trade secret information." *See In re Gabapentin Pat. Litig.*, 312 F. Supp. 2d 653, 658, 667 (D.N.J. 2004) (affirming denial of motion to unseal papers containing "trade secret information," which "include[d] the parties' products, research and development, processes, secret chemical formulas,

---

[1] Exhibit 1 identifies each document at issue for ease of reference. These documents are exhibits filed at 133-1, 133-2, 133-3, 133-4, and 133-6 — 133-10 ("Exhibits," together with the Letter Motion, "Documents at Issue").

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

The Honorable Robert W. Lehrburger
September 6, 2024
Page 2

**NORTON ROSE FULBRIGHT**

the parties' suppliers"); *see also Appleton v. Food & Drug Admin.*, 451 F. Supp. 2d 129, 141 (D.D.C. 2006) (drug specifications and manufacturing processes comprise trade secrets exempt from FOIA disclosure).

Defendants have safeguarded these trade secrets. These Exhibits and other documents that contain the trade secret information were properly designated to maintain their confidentiality pursuant to the terms of the Protective Order (Dkt. 114).

**The Confidential, Trade Secret Information Should Be Protected From Disclosure.**

The Second Circuit has set out a three-part test to determine whether to protect the confidentiality of documents submitted to a court: (1) determine whether the documents are "judicial documents" entitled to the presumption of public access; (2) determine the applicable weight of the presumption that may apply; and (3) balance "countervailing factors" against such weight of the presumption, including the "privacy interests" of the interested parties. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20, 124 (2d Cir. 2006) (summary judgment filings are judicial documents). The information Defendants seek to seal meets this test.

First, the Documents at Issue are not "judicial documents" so they are not entitled to a presumption of public access. "[T]he modern trend in federal cases is to classify pleadings in civil litigation (*other than discovery motions and accompanying exhibits*) as judicial records." *Universal Ent. Corp. v. Eiseman*, No. 23 CIV. 2250 (LGS), 2024 WL 2815995, at *2 (S.D.N.Y. May 31, 2024) (emphasis in original) (citing *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139 (2d Cir. 2016)) (granting motion to seal exhibits to a letter requesting a discovery conference). The Documents at Issue are the type of documents—a discovery motion and exhibits—that are not afforded the presumption of public access.

Second, even if the presumption of public access were to apply, and it does not, "the presumption in favor of public access is weak" because the Documents at Issue are submitted only to assist in resolving a discovery dispute. *See Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 CIV. 6608 PKC JCF, 2014 WL 4346174, at *2-3 (S.D.N.Y. Sept. 2, 2014) (granting motion to seal and explaining that "the weight of the presumption is not particularly great" in connection with "a motion to compel further discovery from a party").

Third, Defendants' interest in protecting their confidential, trade secret information outweighs the public's right to access the trade secrets contained within the documents. *See* Fed. R. Civ. P. 26(c)(1)(G) (permitting protective orders for "trade secret or other confidential information"); *see also W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, No. 1:21-CV-11003-LTS, 2022 WL 890184, at *3 (S.D.N.Y. Mar. 25, 2022) (granting motion to redact "categories of confidential business information that . . . have been previously recognized by courts in this circuit to be either confidential information worthy of sealing, or trade secrets."). Disclosure of the information here would provide Defendants' competitors with confidential, competitively-sensitive information relating to (1) the manufacturing specifications for rifaximin API, (2) a product or products in research and development unknown to the public, (3) Defendants' suppliers of API, and (4) Defendants' supply chain. "Release of this information would," in whole or in part, disclose the

The Honorable Robert W. Lehrburger
September 6, 2024
Page 3

**NORTON ROSE FULBRIGHT**

existence of a product or products unknown to competitors and "reveal how the drug being discussed in the document is formulated, chemically composed, manufactured, and quality controlled[.]" *See Appleton*, 451 F. Supp. at 141 (citation and quotations omitted) (drug specifications and manufacturing processes comprise trade secrets).

"[D]ocuments contain[ing] information consisting of drug product manufacturing information, including manufacturing processes or drug chemical composition and specifications" are "properly withheld . . . as trade secret information." *Id.* That is the type of information at issue here. This Court recently granted Defendants' motion to seal similar information relating to, *inter alia*, the manufacturing specifications for rifaximin API (Dkt. 123). The competitive harm of revealing confidential research and development of a product—even when the product, unlike the drug in development here, is known to the public—outweighs any presumption of public access. *See Ingenus Pharms., LLC v. Nevakar Injectables, Inc.*, No. 3:22-CV-07603-MAS-JBD, 2023 WL 11852437, at *1, 3 (D.N.J. July 13, 2023) (granting motion to seal "confidential information relating to development and manufacture of [Defendant's product]").

**The Proposed Redactions are Necessary and Narrowly Tailored.**

The requested relief is necessary and narrowly tailored to protect the confidentiality of Defendants' trade secret information.[2] *See Lugosch*, 435 F.3d at 124 (sealing is "justified" if "that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim"); *see also* Order, *Presidio, Inc. v. Driven Acquisition, Inc.*, No. 1:23-cv-6235 (S.D.N.Y. Jan. 17, 2024) (Lehrburger, J.) (granting request to maintain trade secrets under seal and with redactions). Sealing and redacting Defendants' trade secrets will not deprive the public of critical information.

For these reasons, Defendants respectfully request that the Court (1) maintain Exhibits A, F, H, and I to the Letter Motion under seal in their entirety, and (2) maintain portions of the Letter Motion and Exhibits B, C, D, G, and J under seal in redacted form as shown on the Exhibit submitted with this letter. As stated above, Lupin does not object to Defendants' request.

Thank you for your consideration of this request.

Respectfully submitted,

*[signature]*

Robin D. Adelstein
cc: All Counsel of Record by ECF

Granted.

SO ORDERED:

9/10/2024  *[signature]*

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

---

[2] This tailoring is evidenced in part by Defendants' removal of a redaction in Lupin's Letter Motion. Defendants analyzed the Exhibits on a document-by-document basis to determine what should and should not be sealed or redacted and do not seek to seal or redact any information contained in Exhibit E.